The appealing party presented good grounds to reconsider the evidence. Upon much detailed reconsideration of the evidence, the Full Commission in an Interlocutory Opinion and Award filed May 28, 1999 affirmed in part and remanded in part this case to Deputy Commissioner Hoag for the taking of additional evidence. A second hearing was subsequently held before the Deputy Commissioner in Newton, North Carolina, on November 19, 1999. Upon receipt by the Full Commission of the transcript of that hearing, the matter was ready for a final decision.
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties at the first hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers Compensation Act.
2. An employer-employee relationship existed between plaintiff and defendant-employer at all relevant times.
3. Defendant-employer had three or more regular employees on 11 April 1997.
4. Defendant Timothy Dwain Spicer had no workers compensation insurance coverage and was non-insured.
5. A packet of medical records and other documents were stipulated into evidence at the first hearing before the Deputy Commissioner.
6. By Opinion and Award filed 20 May 1998, Deputy Commissioner Hoag awarded plaintiff temporary total disability compensation to be paid by defendants at the rate of $175.59 per week beginning 11 April 1997 and continuing until further Order of the Commission. Defendants were also ordered to pay medical compensation to plaintiff. Defendant Timothy Dwain Spicer did not appeal from the award against him on the merits of the case.
7. The only issue before the Full Commission on appeal is whether Donna Roberts Spicer was and is a co-owner of the Northside Barbecue restaurant and whether she has any liability to pay the compensation awarded plaintiff. At the first hearing before the Deputy Commission, defendant Timothy Dwain Spicer was unrepresented by counsel and was the only named defendant. Upon motion of plaintiff at the hearing, Mr. Spicers wife, Donna Roberts Spicer, who also was not represented by counsel, was added as a defendant. Defendant Donna Roberts Spicer filed with the Full Commission a motion to strike the order adding Ms. Spicer as a defendant or in the alternative for a new hearing to take additional evidence on the joinder of Donna Roberts Spicer as a defendant. The motion for a new hearing was allowed by the Full Commission and the case was remanded to the Deputy Commissioner for the taking of additional evidence.
 ***********
Based upon all of the competent evidence from the record herein, the Full Commission adopts the findings of fact by the Deputy Commissioner with minor modifications as follows:
 FINDINGS OF FACT
1. At the time of the initial hearing before the Deputy Commissioner, plaintiff was a 63 year old female who worked 3-4 days as a restaurant worker for the defendant-employer before her injury on 11 April 1997. Her job duties included taking orders, operating the cash register, pouring drinks for orders and other duties.
2. Plaintiff was hired to work 6 1/2 hours per day (4:30 a.m. — 11:00 a.m.) six days per week at $6.00 per hour for the first 90 days and $6.75 per hour thereafter. Plaintiffs average weekly wage at the time of the injury was $263.25, yielding a compensation rate of $175.59.
3. On Friday, 11 April 1997, at about 8:30 a.m., plaintiff turned after taking a telephone order and fell on the concrete floor covered in rubber tile-like material, causing an open comminuted fracture of her right elbow and also an injury to her right shoulder.
4. Plaintiff fell on an area of the floor that is two levels, with about 5 inches in height difference. Plaintiff recalls a sensation of her foot rolling as she turned, perhaps from an object on the floor. Defendant Timothy Spicer was a short distance away preparing food.
5. Defendant Timothy Spicer operated the restaurant for three years prior to 11 April 1997 without securing the requisite workers compensation insurance coverage, and at the time of the first hearing before the Deputy Commissioner, defendant Timothy Spicer did not have any workers compensation insurance coverage despite continuing to have three or more regular employees.
6. Defendant Timothy Spicer initially volunteered to pay plaintiffs medical bills. Later, after learning the severity of plaintiffs injuries, Mr. Spicer withdrew his offer to pay plaintiffs medical expenses.
7. Plaintiff was taken by EMS to Caldwell Memorial Emergency Room. The 11 April 1997 EMS and hospital records do not reflect any problem or history of fainting or loss of consciousness. Plaintiff had no such prior medical problems.
8. X-rays at the emergency room confirmed that plaintiff had a severely comminuted open fracture of the proximal right ulna and proximal right humerus bones. Surgery was performed the same day by Dr. John McCormick, a Lenoir orthopedic surgeon. Dr. McCormick reduced the fractures with a bone graft, plate, and screws.
9. Plaintiff failed to improve after the surgery, and she had very limited movement of the elbow. She sought a second opinion from Dr. Stephen Flemming in Boone, who referred plaintiff to Drs. Patrick Connor and James Kellum in Charlotte. According to Dr. Connor, plaintiff had failure of the elbow fixation and complex post traumatic elbow deformity for which plaintiff needed elbow joint replacement surgery as a result of her injury by accident.
10. Plaintiffs group insurance would not authorize payment for the Charlotte doctors, so plaintiff was referred to the Duke Medical Center. Records from Drs. Kevin Speer and Richard Goldner at Duke indicate plaintiff sustained both right shoulder and right elbow injuries from her work-related fall. Right shoulder release surgery was performed by Dr. Speer on 23 September 1997. Right elbow replacement surgery was performed by Dr. Goldner on 23 January 1998.
11. Another elbow surgery is scheduled to be performed. As of the first hearing before the Deputy Commissioner, plaintiff had not reached maximum medical improvement and continued on no work status as ordered by Dr. Goldner.
12. Despite defendant Timothy Spicers contentions to the contrary, the Commission finds that defendant-employer offered no work within plaintiffs restrictions to plaintiff at the times she was released for one-armed work. Plaintiff made 4-5 personal calls to Mr. Spicer and her attorney wrote letters to Mr. Spicer about a possible return to work.
13. Plaintiff conducted a reasonable job search between her periods of medical treatment. She located a part-time week job at Winn-Dixie for the period of 4 November 1997 to 27 January 1998, earning a total of $514.60.
14. The only issue presented on appeal by defendant Donna Roberts Spicer is whether the Deputy Commissioner erred in joining Ms. Spicer as a defendant. Defendant Timothy Spicer did not appeal from the award against him on the merits of the case.
15. At the first hearing before the Deputy Commissioner, defendant Timothy Dwain Spicer was unrepresented by counsel and was the only named defendant. During the testimony of Mr. Spicer, plaintiffs attorney moved to add Donna Roberts Spicer as a party defendant, which was allowed by the Deputy Commissioner. Donna Roberts Spicer was not given prior notice that she would be added as a party, did not testify or otherwise present evidence, and was not allowed to cross-examine witnesses. The Deputy Commissioner did not inform Donna Roberts Spicer, as she did Timothy Dwain Spicer, of her right to retain counsel or of the legal effect of being added as a party. The record from the first hearing did not contain sufficient evidence from which to determine whether Donna Roberts Spicer had an ownership interest in the business operations of Timothy Dwain Spicer. Therefore, the Full Commission remanded the case to the Deputy Commissioner for the taking of additional evidence to determine whether Ms. Spicer is a co-owner of defendant-employer and whether she is liable for any of the compensation benefits due and payable to plaintiff.
16. Based upon the additional evidence presented at the second hearing before the Deputy Commissioner, the Full Commission finds that there is insufficient evidence of record from which to prove by its greater weight that Donna Roberts Spicer had an ownership interest in the business operations of Timothy Dwain Spicer and that it was error for the Deputy Commissioner to join Ms. Spicer as a party defendant. Although Ms. Spicer occasionally filled in at the restaurant for Mr. Spicer or an absent employee, the evidence showed that Mr. Spicer was the sole lessee of the restaurant property, fixtures and equipment of the restaurant; that only his name appeared on all licenses and permits for the operation of the restaurant; and that Mr. Spicer had sole control of the management and operations of the restaurant, including the initial decision to open the restaurant, as well as ordering food and deciding on menus, arranging for services, and other general personnel and operations tasks.
17. The evidence presented at the second hearing showed that Mr. Spicer has failed to make timely payments of compensation and medical benefits to plaintiff. In that Mr. Spicer did not appeal from the Deputy Commissioners Opinion and Award filed 20 May 1998, pursuant to N.C. Gen. Stat. 97-18(e), payment of compensation awarded to plaintiff became due on or about 15 June 1998, ten days after the expiration of the time for appeal from the Deputy Commissioners Opinion and Award. Thereafter, Mr. Spicer had fourteen days (until 29 June 1998) within which to pay compensation to plaintiff. N.C. Gen. Stat. 97-18(g).
 ***********
Based on the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On 11 April 1997, plaintiff sustained an injury by accident arising out of and within the course and scope of her employment with defendant Timothy Dwain Spicer when she fell and sustained severe injuries to her right elbow and right shoulder. N.C. Gen. Stat. 97-2(6).
2. Plaintiff is entitled to temporary total disability compensation at the rate of $175.59 per week beginning 11 April 1997 less a deduction for $514.60 income earned by plaintiff. N.C. Gen. Stat.97-29.
3. Subject to the time limitation of N.C. Gen. Stat. 97-25.1, plaintiff is entitled to have defendant Timothy Dwain Spicer pay for all medical expenses incurred or to be incurred by plaintiff as a result of her injury by accident of 11 April 1997. N.C. Gen. Stat. 97-25.
4. Defendant Timothy Dwain Spicer had three or more regular employees on 11 April 1997 and was subject to and bound by the provisions of the N.C. Workers Compensation Act. N.C. Gen. Stat.97-2(1). Defendant Timothy Dwain Spicer failed to keep in effect a policy of insurance against compensation liability as required by N.C. Gen. Stat. 97-93.
5. Defendant Timothy Dwain Spicer has failed to make timely payments of compensation and medical bills pursuant to the Opinion and Award of Deputy Commissioner Hoag filed 20 May 1998.
6. Donna Roberts Spicer had no ownership interest in the restaurant business owned by her husband, Timothy Dwain Spicer, and therefore has no liability to plaintiff for the compensation benefits due and payable.
 ***********
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Subject to an attorneys fee, defendant Timothy Dwain Spicer shall pay plaintiff temporary total disability compensation at the rate of $ 175.59 per week beginning 11 April 1997 and continuing until further Order of the Commission. Defendant Timothy Dwain Spicer shall receive a deduction for plaintiffs $514.60 income. N.C. Gen. Stat. 97-29. The compensation which has accrued shall be paid in a lump sum, and weekly thereafter.
2. An attorneys fee for plaintiffs counsel of 25% of the above compensation, including continuing compensation, is approved and shall be paid to plaintiffs attorney.
3. Defendant Timothy Dwain Spicer shall pay all medical expenses incurred or to be incurred by plaintiff as a result of the compensable injury for so long as such examinations, evaluations and treatments may reasonably be required to effect a cure, give relief or tend to lessen plaintiffs period of disability.
 ORDER
1. Donna Roberts Spicer is HEREBY DISMISSED as a party defendant in this action.
2. Defendant Timothy Dwain Spicer is HEREBY ORDERED to pay a ten percent (10%) penalty to plaintiff on any payments of compensation that are not timely made pursuant to N.C. Gen. Stat. 97-18(e) and(g).
3. Additionally, defendant Timothy Dwain Spicer is ORDERED to pay interest according to N.C. Gen. Stat. 97-86.2 on the unpaid compensation from 21 April 1998, the date of the initial hearing in this matter.
4. Defendant Timothy Dwain Spicer shall pay the costs.
This the ___ day of August 2000.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/___________________ BERNADINE S. BALLANCE COMMISSIONER
S/_____________ THOMAS J. BOLCH COMMISSIONER